# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION

| | | |
|---|---|---|
| STATE OF OHIO, | : | Case No. 3:25-cv-00021 |
| Plaintiff, | : | Judge |
| v. | : | |
| WILLIAM J. BROCK | : | |
| Defendant. | : | |

## NOTICE OF REMOVAL

Special Agent in Charge Elena Iatarola, in her official capacity as an officer of the Federal Bureau of Investigation ("FBI"), a component of the United States Department of Justice ("DOJ"), files this Notice of Removal to notify the Court as follows:

1. This Notice of Removal is filed under 28 U.S.C. §§ 1442(a)(1) to remove a proceeding related to the Show Cause Order and Notice issued in the state-court criminal proceeding captioned *State of Ohio v. William J. Brock*, Case No. 2024 CR 0278, pending before the Clark County Court of Common Pleas in Springfield, Ohio (hereinafter "state-court criminal proceeding"). The docket of the state-court criminal proceeding is attached as **Exhibit A**. The Show Cause Order is attached as **Exhibit B**. The Show Cause Order seeks to compel the FBI "Resident Agent in charge" to appear and explain why the Agent should not be held in contempt for not complying with the state court's subpoena duces tecum.

2. On August 22, 2024, prior to the entry of the Show Cause Order, Defendant William J. Brock, through counsel, attempted to serve the above-referenced subpoena on FBI. Defendant failed, however, to serve the subpoena on the U.S. Attorney as required by DOJ's regulations promulgated under *Touhy v. Ragen*, 340 U.S. 462 (1951). It appears from the subpoena and return of service filed in the state-court criminal proceeding that Defendant instead attempted to serve FBI at an office within the Walter H. Rice Federal Building and United States Courthouse. Notwithstanding the fact that Defendant could not perfect service by serving a field office of FBI, the FBI does not reside at the address listed on the subpoena, and FBI thus lacked actual notice of the subpoena. Additionally, the subpoena was not directed to a specific officer of FBI. The Return of Service of Subpoena that Defendant filed on the docket in the state-court criminal proceeding is attached as **Exhibit C**. (The underlying subpoena is part of **Exhibit D**, further described below.)

3. On December 10, 2024, Defendant William J. Brock, through counsel, filed a motion to hold the FBI "Resident Agent" in contempt for non-compliance with the above-referenced subpoena duces tecum. Defendant failed, however, to serve the motion on the U.S. Attorney as required by DOJ's regulations promulgated under *Touhy v. Ragen*, 340 U.S. 462 (1951). The motion for contempt obtained from the docket, which attaches the underlying subpoena, is attached as **Exhibit D**.

4. On January 9, 2025, a Show Cause Order and Notice (**Exhibit B** to this Notice) was filed in Clark County Common Pleas Court, ordering the FBI "Resident

2

Agent in charge" to appear in court on January 23, 2025, at 8:30 a.m. to show cause why they should not be held in civil or criminal contempt for failure to abide by the above-referenced subpoena. This order was not served on the U.S. Attorney or FBI.

5. On January 22, 2025, shortly before the filing of this Notice, Defendant, through counsel, filed a motion to continue the show cause hearing scheduled for January 23, 2025, conceding that Defendant never perfected service. The state court has not yet ruled on Defendant's motion. The motion for continuance is attached as **Exhibit E**.

6. The state court has ordered the FBI "Resident Agent in charge" to show cause in their official capacity why they did not provide information arising out of or related to their employment with FBI. Under the Department of Justice's "Touhy regulations" at 28 C.F.R. §§ 16.21–16.29, however, the Agent is prohibited from providing information absent authorization. No such authorization has been provided. Accordingly, the Agent is prohibited from complying with the subpoena or show cause order, and she is acting under of color of federal law in refusing to do so.[1]

7. It is well settled that state courts have no authority to enforce subpoenas or show cause orders against federal agencies or officials. *E.g.*, *Metcalfe v. Ultimate Sys., Ltd.*, 346 F. Supp. 2d 950, 952 (N.D. Ohio 2004) (quoting *Edwards v. U.S. Dep't of Justice*, 43 F.3d 312, 316-17 (7th Cir. 1994)); *United States v. Williams*, 170

---

[1] The regulations are named after the Supreme Court's decision in *United States ex. Rel. Touhy v. Ragen*, 340 U.S. 462 (1951).

3

F.3d 431, 433–34 (4th Cir. 1999). The FBI and Special Agent in Charge are entitled to have colorable federal defenses heard in the federal forum, including the *Touhy* regulations, sovereign immunity, and lack of state court subject matter jurisdiction.

8.  The entire state-court criminal proceeding is not being removed to this Court, but only the tangential proceeding related to the state court's Show Cause Order and Notice issued on January 9, 2025, requiring non-party FBI "Resident Agent in charge" to show cause why they should not be held in civil or criminal contempt for not complying with a subpoena duces tecum. 28 U.S.C. § 1442(d)(1).

9.  This proceeding is removable under 28 U.S.C. § 1442(a)(1) and 28 U.S.C. § 1442(d)(1) because the FBI Special Agent in Charge is an officer of the Federal Bureau of Investigation, an agency of the United States, and the state court has ordered the federal officer to show cause why they should not be held in contempt for failing to comply with the state court subpoena. *See Barnhart v. Horn*, No. 2:19-cv-4275, 2020 U.S. Dist. LEXIS 78454 (S.D. Ohio May 4, 2020).

10. A copy of this Notice of Removal will be filed promptly with the Clark County Court of Common Pleas to effect the removal. 28 U.S.C. § 1446(d).

    Respectfully submitted,

    KENNETH L. PARKER
    United States Attorney

    *s/ Jade K. Smarda*
    JADE K. SMARDA (0085460)
    Assistant United States Attorney
    200 West Second Street, Suite 600

          Dayton, Ohio 45402
          Office: (937) 225-2910
          Fax: (937) 225-2564
          Email: Jade.Smarda@usdoj.gov

          *Trial Attorney for Non-Party Movant Elena Iatarola, Federal Bureau of Investigation*

**CERTIFICATE OF SERVICE**

    I hereby certify that on January 22, 2025, the foregoing Notice of Removal was filed electronically using the Court's CM/ECF system. I further certify that on the same date a copy of this notice was served via Federal Express to Prosecuting Attorney, Kadawni Scott, and counsel for Defendant, Jon Paul Rion, at their addresses on file with the Court of Common Pleas, Clark County, Ohio.

                                                  *s/ Jade K. Smarda*
                                                  JADE K. SMARDA (0085460)
                                                  Assistant United States Attorney