```
Clark County, Ohio
     FILED
   DEC 10 2024
 Common Pleas Court
Melissa M. Tuttle, Clerk
```

### IN THE COMMON PLEAS COURT OF CLARK COUNTY, OHIO
### CRIMINAL DIVISION

| | |
|---|---|
| **STATE OF OHIO** | **CASE NO. 2024 CR 0278** |
| Plaintiff, | **JUDGE RASTATTER** |
| vs. | |
| **WILLIAM J. BROCK** | **MOTION FOR CONTEMPT** <br> **(Ohio Crim. R. 17)** |
| Defendant. | |

---

Now comes the Defendant, **WILLIAM J. BROCK,** by and through his attorneys **RION, RION & RION, L.P.A., INC.**, and hereby respectfully moves this Court to order the Federal Bureau of Investigation, Resident Agent in charge, to show cause why they should not be held in contempt of this Court for their failure to comply with a subpoena for documents served on August 22, 2024 and filed herein on August 23, 2024, for the reasons set forth in the attached memorandum, and for further reasons which will be set forth at the oral hearing.

A memorandum in support is attached hereto.

An oral hearing is respectfully requested.



EXHIBIT D

Respectfully submitted,

*[signature]*

JOHN H. RION (0002228)
JON PAUL RION (0067020)
RION, RION & RION, L.P.A., INC.
*Counsel for the Defendant*
130 West Second Street, Suite 2150
P.O. Box 10126
Dayton, Ohio 45402
(937) 223-9133
info@rionlaw.com

## CERTIFICATE OF SERVICE

I, the undersigned, do hereby certify that a copy of the foregoing was forwarded to the Prosecuting Attorney, Kadawni Scott, via electronic mail: kscott@clarkcountyohio.gov and the Federal Bureau of Investigation, 7747 Clyo Road, Dayton, Ohio 45459 via Special Process Server.

*[signature]*

JOHN H. RION
JON PAUL RION
RION, RION & RION L.P.A., INC.

## MEMORANDUM

Undersigned counsel issued a subpoena on behalf of the Defendant, in addition to a formal *Touhy* request, to the Federal Bureau of Investigation (F.B.I.) commanding the F.B.I. to produce documents (Exhibit A). The subpoena was successfully served on August 22, 2024 and the return of service was filed with this Court on August 23, 2024 (Exhibit B).

The failure to comply is without adequate excuse in that no timely written objections to the subpoena were filed, and no motion to quash the subpoena was filed prior to the date of compliance in accordance with Ohio Crim. R. 17(C). The only appropriate remedy for this willful noncompliance with a lawfully executed subpoena is to hold the F.B.I. in contempt of this court until compliance with the subpoena is satisfied.

                                                  **Respectfully submitted,**

                                                  _____
                                                  JOHN H. RION
                                                  RION, RION & RION L.P.A., INC.



# COURT OF COMMON PLEAS,
# Clark County, Ohio

**EXHIBIT A**

State of Ohio
Plaintiff,
VS.
William J. Brock
Defendant,

Case No. 24 CR 0278

This subpoena is issued upon application of the:
○ Plaintiff   ● Defendant   ○ Prosecution

Type of Subpoena:
○ Civil/Criminal   ● Duces Tecum   ○ Grand Jury

### STATE OF OHIO
CLARK COUNTY, SS:

To the Process Server of Clark County, Ohio    You are hereby commanded to subpoena the person named below.
Name: Federal Bureau of Investigation    Address: 200 W. 2nd Street, #811
City: Dayton    , State Ohio    Zip Code 45402    Phone Number +1 (513) 421-4310

*You are hereby commanded to appear before the* Honorable Judge Douglas Rastatter in the county building located at 14 East Main St. 3rd Fl. in said Clark County, Ohio, on 4/14/2025    Time: 9:00 a.m. , in Springfield, OH to testify as a witness in a certain case pending in said court on behalf of the Defendant

☑ Attend and give testimony at the trial, hearing, or disposition on the date, time, and at the place specified above.

☐ Attend and produce books, papers, documents, or other objects as specified at a trial or hearing on the date, time, and at the place specified above.

Description of or other items to be produced:

Please provide the following either via regular U.S. mail to the Law Offices of Rion, Rion & Rion L.P.A., 130 West Second Street, Suite 2150, Dayton, Ohio 45402, via email: kmiller@rionlaw.com and/or via fax: (937) 223-7540, on or before September 30, 2024: any and all investigative reports, specifically in regards to the March 25, 2024 incident, as well as all activities by your target individual(s), including the target individual's contacts with Uber and the decedent, Loletha M. Hall, DOB: 2/21/1963, SSN: xxx-xx-4389, from February 1, 2024 through March 25, 2024; similar acts of fraud in other locations in the past year, including identities of target individuals, accomplices, and associates, as well as weapon and/or firearm purchases by the target individual(s) in the past year.

and not depart the court without leave. Failure to comply with this subpoena may result in criminal and civil sanctions. Present this subpoena to the Clerk of Court upon arrival and before you leave. ***You may be held in contempt of Court for failure to appear.***

WITNESS my hand and seal of said Court:

**Melissa M. Tuttle, Clerk Of the Court of Common Pleas**

Attorney's Contact Information:
Name: John H. Rion
Address: 130 West Second Street, Suite 2150
City: Dayton    Zip Code 45402
Bar Number: 0002228    Date: 8/20/2024
Email: kmiller@rionlaw.com
Phone: 937-223-9133

**RULE 45. Subpoena**

*(C) Protection of persons subject to subpoenas.*

(1) A party or an attorney responsible for the issuance and service of a subpoena shall take reasonable steps to avoid imposing undue burden or expense on a person subject to that subpoena.

(2)(a) A person commanded to produce under divisions (A)(1)(b), (iii), (iv), (v), or (vi) of this rule need not appear in person at the place of production or inspection unless commanded to attend and give testimony at a deposition, hearing, or trial.

(b) Subject to division (D)(2) of this rule, a person commanded to produce under divisions (A)(1)(b), (iii), (iv), (v), or (vi) of this rule may, within fourteen days after service of the subpoena or before the time specified for compliance if such time is less than fourteen days after service, serve upon the party or attorney designated in the subpoena written objections to production. If objection is made, the party serving the subpoena shall not be entitled to production except pursuant to an order of the court by which the subpoena was issued. If objection has been made, the party serving the subpoena, upon notice to the person commanded to produce, may move at any time for an order to compel the production. An order to compel production shall protect any person who is not a party or an officer of a party from significant expense resulting from the production commanded.

(3) On timely motion, the court from which the subpoena was issued shall quash or modify the subpoena, or order appearance or production only under specified conditions, if the subpoena does any of the following:
(a) Fails to allow reasonable time to comply;
(b) Requires disclosure of privileged or otherwise protected matter and no exception or waiver applies;
(c) Requires disclosure of a fact known or opinion held by an expert not retained or specially employed by any party in anticipation of litigation or preparation for trial as described by Civ.R. 26(B)(5), if the fact or opinion does not describe specific events or occurrences in dispute and results from study by that expert that was not made at the request of any party;
(d) Subjects a person to undue burden.

(4) Before filing a motion pursuant to division (C)(3)(d) of this rule, a person resisting discovery under this rule shall attempt to resolve any claim of undue burden through discussions with the issuing attorney. A motion filed pursuant to division (C)(3)(d) of this rule shall be supported by an affidavit of the subpoenaed person or a certificate of that person's attorney of the efforts made to resolve any claim of undue burden.

(5) If a motion is made under division (C)(3)(c) or (C)(3)(d) of this rule, the court shall quash or modify the subpoena unless the party in whose behalf the subpoena is issued shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship and assures that the person to whom the subpoena is addressed will be reasonably compensated.

*(D) Duties in responding to subpoena.*

(1) A person responding to a subpoena to produce documents shall, at the person's option, produce them as they are kept in the usual course of business or organized and labeled to correspond with the categories in the subpoena. A person producing documents or electronically stored information pursuant to a subpoena for them shall permit their inspection and copying by all parties present at the time and place set in the subpoena for inspection and copying.

(2) If a request does not specify the form or forms for producing electronically stored information, a person responding to a subpoena may produce the information in a form or forms in which the information is ordinarily maintained if that form is reasonably use able, or in any form that is reasonably use able. Unless ordered by the court or agreed to by the person subpoenaed, a person responding to a subpoena need not produce the same electronically stored information in more than one form.

(3) A person need not provide discovery of electronically stored information when the production imposes undue burden or expense. On motion to compel discovery or for a protective order, the person from whom electronically stored information is sought must show that the information is not reasonably accessible because of undue burden or expense. If a showing of undue burden or expense is made, the court may nonetheless order production of electronically stored information if the requesting party shows good cause. The court shall consider the factor sin Civ. R. 26(B)(4) when determining if good cause exists. In ordering production of electronically stored information, the court may specify the format, extent, timing, allocation of expenses and other conditions for the discovery of the electronically stored information.

(4) When information subject to a subpoena is withheld on a claim that it is privileged or subject to protection as trial preparation materials, the claim shall be made expressly and shall be supported by a description of the nature of the documents, communications, or things not produced that is sufficient to enable the demanding party to contest the claim.

(5) If information is produced in response to a subpoena that is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a receiving party must promptly return, sequester, or destroy the specified information and any copies within the party's possession, custody or control. A party may not use or disclose the information until the claim is resolved. A receiving party may promptly present the information to the court under seal for a determination of the claim of privilege or of protection as trial preparation material. If the receiving party disclosed the information before being notified, it must take reasonable steps to retrieve it. The person who produced the information must preserve the information until the claim is resolved.

*(E) Sanctions.* Failure by any person without adequate excuse to obey a subpoena served upon that person may be deemed a contempt of the court from which the subpoena issued. A subpoenaed person or that person's attorney who frivolously resists discovery under this rule may be required by the court to pay the reasonable expenses, including reasonable attorney's fees, of the party seeking the discovery. The court from which a subpoena was issued may impose upon a party or attorney in breach of the duty imposed by division (C)(1) of this rule an appropriate sanction, which may include, but is not limited to, lost earnings and reasonable attorney's fees.

*(F) Privileges.* Nothing in this rule shall be construed to authorize a party to obtain information protected by any privilege recognized by law, or to authorize any person to disclose such information.



# COURT OF COMMON PLEAS
## Clark County, Ohio



EXHIBIT B

| | |
|---|---|
| State of Ohio | Case No. 24 CR 0278 |
| Plaintiff, | |
| VS. | Honorable Judge Douglas Rastatter |
| William J. Brock | |
| Defendant, | This subpoena was issued upon application of the: |
| | ○ Plaintiff  ● Defendant  ○ Prosecution |
| Date of Hearing: | |

## RETURN OF SERVICE ON SUBPOENA

I received a Subpoena for **Federal Bureau of Investigation**, a named witness for the

Address: **200 W. 2nd Street, #811**    City: **Dayton**    ,State **Ohio**

Zip Code **45402**    Defense Plaintiff Prosecution (circle one), on (Date received) **08/22/24**

I served the Subpoena on the said witness, and made the following service on (Date of service) **08/22/24**

**Type of Service:**

● Personal   ○ Failure   ○ Residential   ○ E-mail   ○ Attorney   ○ Certified Mail   ○ Process Server   ○ Sheriff

### RETURN OF SERVICE FEES

Clark County, Ohio
FILED
AUG 23 2024
Common Pleas Court
Melissa M. Tuttle, Clerk

Service and Return: $
Mileage: $
Other: $
Total: $

**HAROLD F. STOLLINGS**
Law Enforcement Officer (Print)

*[Signature]* Harold F. Stoll
Law Enforcement Officer (Signature)
PROCESS SERVER

**RIOU, RIOU, RIOU**
Agency

**08/22/24**
Date